# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM GRAZIANO**, | : | **CIVIL ACTION NO. 1:12-CV-885** |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **FRANCIS STRADA**, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner William Graziano ("Graziano"), a federal inmate incarcerated at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania.  Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

"Graziano was indicted on March 30, 2006, for knowingly receiving child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A), and for knowingly possessing material containing an image or images of child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). On April 18, 2007, he pleaded guilty to violating section 2252A(a)(5)(B), pursuant to the terms of a plea agreement in which

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  See R. GOVERNING § 2254 CASES R.1(b)

he waived his right to appeal his conviction or any sentence of 108 months or less of imprisonment.  Graziano subsequently was sentenced principally to a term of eighty-seven months' imprisonment."  U.S. v. Graziano, 306 Fed. App'x 693 (2d Cir. 2009).

He filed a direct appeal on November 15, 2007.  See electronic docket, USA v. Graziano, N.D.NY. No. 5:06-cr-00118-DNH-1, Doc. 41.  On January 16, 2009, the United States Court of Appeals for the Second Circuit affirmed the judgment of the district court.  Graziano, 306 Fed. App'x 693.  Thereafter, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  USA v. Graziano, N.D.NY. No. 5:06-cr-00118-DNH-1, Doc. 52, 61.  The motion was denied on November 5, 2010.  Id. at Doc. 59.

Graziano subsequently moved for permission to file a successive Section 2255 petition on different grounds.  Id. at Doc. 60.  His request was denied on January 4, 2011.  Id. at Doc. 60.  He then filed a motion for Certificate of Appealability with the Court of Appeals on or about July 14, 2011.  Id. at  Doc. 70.  The motion was denied on August 31, 2011.  The mandate was issued on March 23, 2012.  Id. at 72.

The instant petition was filed on May 11, 2012.  (Doc. 1.)  Therein, Graziano contends that he is actually innocent because the "promulgation of Title 18 USC 2252A(5)(b) exceeds Congress' enumerated powers under Article I, Section 8 (Interstate Commerce Clause) of the United States Constitution)."  (Doc. 1-1, at 1.)

**II.     Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Graziano has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.

Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  <u>Application of Galante</u>, 437 F.2d 1154, 1165 (3d Cir. 1971).  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

        S/ Christopher C. Conner    
        CHRISTOPHER C. CONNER  
        United States District Judge

Dated:        May 23, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM GRAZIANO,** | : | **CIVIL ACTION NO. 1:12-CV-885** |
| **Petitioner,** | : | **(Judge Conner)** |
| v. | : | |
| **FRANCIS STRADA**, | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 23rd day of May, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

            S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge